**Domingo MONTALVO, Plaintiff,**
v.
**James P. GRAHAM, Defendant.**
**Civ. A. No. 73–C–588.**

United States District Court,
E. D. Wisconsin.

March 21, 1975.

Sidney Spector, Milwaukee, Wis., for plaintiff.

William J. Mulligan, U. S. Atty., by Joseph P. Stadtmueller and Randall J. Sandfort, Asst. U. S. Attys., Milwaukee, Wis., for defendant.

## DECISION AND ORDER OF DISMISSAL

JOHN W. REYNOLDS, Chief Judge.

This is a tort action for personal and property damage as a result of an automobile accident allegedly caused by the defendant James P. Graham, an F.B.I. agent, while on duty. The Government removed this case from state court pursuant to 28 U.S.C. § 2679(d). The defendant has now filed a motion to dismiss this action for lack of subject matter jurisdiction and failure to state a claim. The Government relies on 28 U.S.C. § 2401(b) and § 2675(a), arguing that the action is barred under § 2675(a) by plaintiff's failure to first file a claim with the appropriate agency, and the failure to file an administrative claim within two years following the occurrence means the claim is barred by § 2401(b).

Plaintiff has conceded his failure to file a timely administrative claim makes these statutes applicable. He has, however, filed a motion to declare 28 U.S.C. § 2401(b) and § 2675(a) unconstitutional and to convene a three-judge court.

■ Plaintiff's motion to convene a three-judge court under § 2282 is denied. The section applies only where interlocutory or permanent injunctive relief is requested. Here the complaint only seeks damages. Thus, § 2282 of Title 28 is not applicable, and the Court has no power to convene a three-judge court under § 2284.

Plaintiff's motion to declare § 2401(b) and § 2675(a) unconstitutional is also denied. Plaintiff admits that no federal court has ever held these sections to be unconstitutional. He relies on state cases which have held state law filing requirements unconstitutional on equal protection grounds. See Turner v. Staggs, 510 P.2d 879 (Nev.1973) (six months' time limit); Reich v. State Highway Department, 386 Mich. 617, 194 N.W.2d 700 (1972).

While the equal protection clause of the 14th Amendment is not itself applicable to the states, Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), indicates that there is a residual equal protection notion contained within the due process clause of the 5th Amendment.

It is unclear what type of equal protection test is applicable under the 5th Amendment due process clause. The "rationality" test would apply here, however, since these statutes merely regulate the timing and manner of United States' waiver of sovereign immunity.

The Tort Claims Act, unlike the Tucker Act, was not passed in order to fulfill the constitutional duty of the government to pay for property taken for public uses. The numerous exceptions to the Tort Claims Act have established the right of the government to restrict its waiver of sovereign immunity. Cf., Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953) ("discretionary function" exception—Texas City disaster); Laird v. Nelms, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1952) (strict liability for sonic boom excluded).

■■ The restrictions imposed by § 2401(b) and § 2675(a) do allow two years for filing the administrative claim. Neither this time requirement nor the requirement that an administrative claim be filed is unreasonable.

It is therefore ordered that the defendant's motion to dismiss this action is granted.