See also, 73 F.R.D. 25.

## In re FRANKLIN NATIONAL BANK SECURITIES LITIGATION.

**Robert GOLD, on behalf of himself and on behalf of all others similarly situated, Plaintiff,**

and

**Louis Pergament, Intervenor-Plaintiff,**

v.

**ERNST & ERNST et al., Defendants.**

No. 75 C 684.*

United States District Court, E. D. New York.

May 4, 1978.

### SUPPLEMENTAL OPINION

PLATT, District Judge.

The third-party defendant, United States of America, has moved for "reconsideration" of this Court's opinion dated January 17, 1978, on the ground that this Court misapplied the law to the facts of this case (i) in denying the Government's motion to dismiss the third-party complaints of the insurance companies for failure to comply with the statute of limitations contained in

---

* and all other actions consolidated for pre-trial purposes Nos. 74 C 894, 74 C 894A, 76 C 494, 76 C 515, 76 C 2339 and 77 C 293.

28 U.S.C. § 2401(b), and (ii) in ruling that it has jurisdiction over such third-party complaints against the United States, again citing 28 U.S.C. § 2401(b) which provides in pertinent part that:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

The Government says that the directors of Franklin National Bank ("FNB") must necessarily have known that the Government regulatory agencies negligently managed FNB in the summer of 1974 or they could not have relied upon such activity which, as indicated in this Court's opinion of January 17th, is a pre-requisite to a finding of Government liability on the theory of breach of an "assumed" duty. Furthermore, the Government argues that the insurance companies, as subrogees to FNB's claims against the Government arising from said breach, are chargeable with FNB's knowledge in this regard for the purpose of the two-year statute of limitations of section 2401(b) applicable to federal tort claims. *See Mendiola v. United States*, 401 F.2d 695, 698 (5th Cir. 1968).

In the first opinion on these motions, this Court indicated that, in accordance with its previous opinion in *Hammond v. United States*, 388 F.Supp. 928 (E.D.N.Y.1975), the limitation period would not begin to run until the insurance companies knew or should have known "in the exercise of reasonable diligence" of the Government's alleged breach and potential liability. Inasmuch as the Court felt it did not have sufficient facts to determine this issue, it denied the United States motion to dismiss on this statute of limitations ground.

Notwithstanding the Government's application for "reconsideration" of this conclusion in the light of the rest of this Court's holding on the United States motion to dismiss, the Court still does not feel there are sufficient facts to conclusively charge FNB, and the insurance companies as subrogees, with knowledge such as to start the running of the limitation period. While, as the Government points out, FNB, through its officers and directors, must necessarily have known of the Government's alleged extensive involvement in the management and operation of FNB, it is not necessarily true that it must also have known of the alleged Government negligence or fraud in this regard, or of damages flowing from same. It must be remembered that Government liability is predicated not on the mere management and operation of FNB by the Government (which may give rise to an "assumed duty") but rather on its negligent and/or fraudulent management or operation. FNB need not necessarily have been aware of the latter,[1] and therefore more facts are needed to ascertain its knowledge in this regard and to determine the applicability of the statute of limitations.

The Court also finds an alternative ground for denying the Government's motion for reconsideration. This latter ground arises from the fact that the Federal Deposit Insurance Corporation ("FDIC"), an agency of the Government, was appointed receiver of FNB by the Comptroller and thereby succeeded to FNB's knowledge and legal rights as against the United States. In this context, it is unrealistic to assume such agency was about to commence an action against the third-party defendant herein or for that matter necessarily share with the insurance companies or others any knowledge of actionable facts to which they became privy on their succession.[2]

---

1. For example, FNB, through its officers and directors, may not have known that the Government was aware of fraudulent foreign exchange transactions and yet, in the course of managing FNB, did nothing about it.

2. One must always keep in mind that the Comptroller declared FNB insolvent on Octo-

ber 8, 1974, and appointed the FDIC as receiver of FNB *In re Franklin National Bank*, 381 F.Supp. 1390 (E.D.N.Y.1974) and that it is the Comptroller's Office that is being charged with the negligent mismanagement in these third-party claims.

576

If this Court accepted the position put forth by the Government in its instant motion, all the Government had to do to insure that there would never be any third-party claim by the insurance companies against it for negligent mismanagement of FNB would be to request the FDIC to wait to commence its actions on the bankers blanket bonds until such time as the third-party insurance company claims would be effectively time-barred. This would enable the Government by its own actions to nullify the provisions of the Federal Tort Claims Act in situations such as have been presented in the case at bar. It is clear to this Court that Congress never intended any such anomaly.

The Government makes the somewhat extraordinary suggestion on this motion that if another agency, i. e., the FDIC, acted or failed to act to the prejudice of the insurance companies, then the disclaimer provisions in their policies would necessarily come into play and adequately protect the insurance companies from such prejudice arising from the failure of their third-party claims. The obvious, short (but indubitably unacceptable) answer to this suggestion is that the Government request the FDIC to honor such disclaimers and drop its claims against the insurance companies.

This Court is not in the least concerned, as the Government suggests, that the application of the two-year statute of limitations to the insurance companies might yield a "harsh" result. If the proof shows that the statute should be applied to bar the insurance companies claims, this Court will have no hesitancy in doing so. *See Hammond v. United States*, 388 F.Supp. 928 (E.D.N.Y. 1975). Given the facts known to the Court at this juncture, however, section 2401(b) cannot be said to bar the possible claims which the insurance companies assert they have.

As is evident from the above, this Court has reconsidered its original opinion dated January 17, 1978, but for the foregoing reasons believes it must and therefore does adhere to the same.