Woodrow **FREY** and Betty Frey

v.

Gerald Dean **WOODARD**, Joe McCracken and the United States of America.

Civ. A. No. 79–1458.

United States District Court, E. D. Pennsylvania.

Dec. 12, 1979.

C. J. Hair, Allentown, Pa., for plaintiffs.

J. M. Sigmon, Bethlehem, Pa., for Woodard.

Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

■ A Marine Corps sergeant driving a five ton truck in Jacksonville, Florida, allegedly forced plaintiffs, pedestrians crossing Highway 17, into the path of vehicle owned and operated by defendant Woodard. The resulting accident between Woodard and plaintiffs caused injuries for which they now seek redress. Plaintiffs brought this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, which requires that prior to bringing suit in district court a claim must be filed with the appropriate federal agency within two years after the claim accrues. *West v. United States,* 592 F.2d 487, 492 (8th Cir. 1979), *Bernard v. United States Lines, Inc.,* 475 F.2d 1134, 1136 (4th Cir. 1973), *Accardi v. United States,* 435 F.2d 1239, 1241 (3d Cir. 1970), *Knight v. United States,* 442 F.Supp. 1069, 1071 (D.S.C.1977), *Montalvo v. Graham,* 390 F.Supp. 533, 534 (E.D.Wis. 1975), *Robinson v. United States Navy,* 342 F.Supp. 381, 383 (E.D.Pa.1972), 28 U.S.C. §§ 2401(b), 2675(a). *See also* 2 U.S.Code Cong. & Admin.News, 89th Cong., 2d Sess., pp. 2515, 2522 (1966). For purposes of this statute a claim is deemed to be presented to a federal agency when it "receives from a claimant, his duly authorized agents or legal representative, an executed Standard Form 95 . . . or other written notification of an incident". 28 C.F.R. § 14.2. Plaintiffs delivered two of these forms to the Enlistment Recruiting Office at the Marine Corps Recruiting Station, Allentown, Pennsylvania, on Monday, April 23, 1979, two years and two days after the accident. The government moved for summary judgment [1] on the ground that plaintiffs failed

---

1. A defense that plaintiff's claim is barred by a statute of limitations may be raised by motion for summary judgment, motion to dismiss or by motion for judgment on the pleadings. *Vanderboom v. Sexton,* 294 F.Supp. 1178, 1185 (W.D.Ark.1969), *rev'd on other grounds,* 422 F.2d 1233 (8th Cir.), *cert. denied,* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). Defendant may move for summary judgment, which should be granted when there is no genuine issue as to any material fact, *Bishop v. Wood,* 426 U.S. 341, 347, 96 S.Ct. 2074, 48 L.Ed.2d 684

to file an administrative claim within the time period prescribed by statute. The Court denied the motion[2] on the basis of *Bledsoe v. Department of Housing and Urban Development*, 398 F.Supp. 315 (E.D.Pa. 1975), which held that Fed.R.Civ.P. 6(a) governs computation of the six-month limitation period in 28 U.S.C. § 2401(b). Because the two-year limitation in the instant situation *factually* expired on a Saturday, this Court, applying *Bledsoe*, held that legally the period expired the following Monday. Accordingly, we concluded that plaintiffs had filed a timely complaint.

Thereafter, the government, moving for reconsideration, explained that the recruiting station where plaintiffs delivered their original forms was staffed and open for business on Saturday, April 21, 1979, from 9:00 a. m. until 2:00 p. m. Therefore, plaintiffs could have presented their forms to the appropriate federal agency by filing their claim on or before April 21, 1979, the date on which the two-year limitation period expired *factually* as well as *legally*.

 Congress created a limited waiver of sovereign immunity in the Federal Tort Claims Act. *United States v. Kubrick*, —— U.S. ——, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The waiver allows suit only on prescribed terms and conditions. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967), *Bialowas v. United States*, 443 F.2d 1047, 1048–49 (3d Cir. 1971). *Battaglia v. United States*, 303 F.2d 683, 685 (2d Cir. 1962). The limitation period established by Congress must be strictly observed, *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), *United States v. Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), *United States v. Michel*, 282 U.S. 656, 660, 51 S.Ct. 284, 75 L.Ed. 598 (1931), and is not to be extended by equitable considerations, *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971), *United Missouri Bank South v. United States*, 423 F.Supp. 571, 577 (W.D.Mo.1976), *Binn v. United States*, 389 F.Supp. 988, 991 (E.D. Wis.1975), for the terms of consent to be sued in any court define that court's jurisdiction. *United States v. Sherwood*, 312 U.S. at 586–87, 92 S.Ct. 104, *Minnesota v. United States*, 305 U.S. 382, 388, 59 S.Ct. 292, 83 L.Ed. 235 (1939). Exceptions are not to be implied.[3] *Soriano v. United States*, 352 U.S. at 276, 77 S.Ct. 269, *United*

n. 11 (1976), *Arnett v. Kennedy*, 416 U.S. 134, 139–40, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), *Goodman v. Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977), Fed.R.Civ.P. 56(c), and it is apparent that the statute has run. *Osadchy v. Gans*, 436 F.Supp. 677, 680 (D.N.J.1977), *Daniels v. Beryllium Corps.*, 211 F.Supp. 452, 453 (E.D.Pa.1962), *Cooper v. Fidelity-Philadelphia Trust Co.*, 201 F.Supp. 168, 170 (E.D.Pa.1962).

2. In the same order the Court granted the government's motion to dismiss the count against Sergeant McCracken, the operator of the truck. See 28 U.S.C. § 2679. Neither party has questioned that ruling.

3. *See*, for example, *Keleket X-ray Corp. v. United States*, 107 U.S.App.D.C. 138, 275 F.2d 167 (D.C.Cir.1960), in which plaintiff suffered personal injuries during an x-ray examination. The district court dismissed plaintiff's claim, filed two years and four days after the alleged tort, against the United States. The Court of Appeals affirmed. Strict construction has lead to dismissal of claims for various reasons. *See Caidin v. United States*, 564 F.2d 284 (9th Cir.

1977) (failure to specify amount of claim and nature of injuries), *Bialowas v. United States*, *supra* (failure to sign form and to specify amount of claim), *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972) (failure to specify amount of claim), *Ianni v. United States*, 457 F.2d 804 (6th Cir. 1972) (failure to specify amount of claim), *Johnson v. United States*, 404 F.2d 22 (5th Cir. 1968) (failure to submit claim on Standard Form 95), *DeGerena v. United States*, 398 F.Supp. 93 (D.P.R.1975) (failure to date and specify amount of claim), *Kornbluth v. Savannah*, 398 F.Supp. 1266 (E.D.N.Y. 1975) (failure to submit proper medical information), *Jordon v. United States*, 333 F.Supp. 987 (E.D.Pa.1971), *aff'd*, 474 F.2d 1340 (3d Cir. 1973) (failure to specify amount of claim), *Hlavac v. United States*, 356 F.Supp. 1274 (N.D.Ill. 1972) (failure to date and specify amount of claim), *Turtzo v. United States*, 347 F.Supp. 336 (E.D.Pa.1972) (failure to specify amount of claim), *Robinson v. United States Navy*, *supra* (failure to specify amount of claim), *Gunstream v. United States*, 307 F.Supp. 366 (C.D.Cal. 1969) (failure of plaintiffs to show their representative capacity for their minor child).

States v. Sherwood, 312 U.S. at 590–91, 61 S.Ct. 767, United States v. Michel, 282 U.S. at 659, 51 S.Ct. 284, Eastern Transportation Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 71 L.Ed. 472 (1927), Thompson v. Dugan, 427 F.Supp. 342, 344 (E.D.Pa.1977), Binn v. United States, 389 F.Supp. at 988, Hammond v. United States, 388 F.Supp. 928, 930 (E.D.N.Y.1975). The time within which a suit must be initiated against the federal government under federal statute is a strict condition of the provided remedy, Gallion v. United States, 389 F.2d 522, 524 (5th Cir. 1968), United States v. Croft Mullins Electric Co., 333 F.2d 772, 777 n. 9 (5th Cir. 1964), cert. denied, 379 U.S. 968, 85 S.Ct. 664, 13 L.Ed.2d 561 (1965), and is substantive, not merely procedural. United Missouri Bank South v. United States, 423 F.Supp. at 577, Trepina v. Wood, 227 F.Supp. 726, 727 (D.Mont.1964), Lomax v. United States, 155 F.Supp. 354, 357 (E.D.Pa. 1957). Failure to comply with the statutory directive deprives the court of jurisdiction. West v. United States, 592 F.2d at 492, Rosario v. American Export-Isbrandtsen Lines, Inc. v. United States, 531 F.2d 1227, 1231 (3d Cir. 1976), Pennsylvania v. National Association of Flood Insurers, 520 F.2d 11, 23–24 (3d Cir. 1975), Bialowas v. United States, 443 F.2d at 1049, Best Bearings Co. v. United States, 463 F.2d 1177, 1179 (7th Cir. 1972), Goodman v. United States, 324 F.Supp. 167, 170 (M.D.Fla.), aff'd, 455 F.2d 607 (5th Cir. 1971), Marano v. United States Naval Hospital, 437 F.2d 1009, 1011 (3d Cir. 1971), Ashley v. United States, 413 F.2d 490, 492 (9th Cir. 1969), Mann v. United States, 399 F.2d 672, 673 (9th Cir. 1968), Powers v. United States, 390 F.2d 602–604 (9th Cir. 1968), Crown Coat Front Co. v. United States, 363 F.2d 407, 411 (2d Cir. 1966), rev'd on other grounds, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967), Binn v. United States, 389 F.Supp. at 991, Ham-

mond v. United States, 388 F.Supp. at 930, Robinson v. United States Navy, 342 F.Supp. at 382–83, Lomax v. United States, 155 F.Supp. at 357–58. Accordingly, plaintiffs' complaint was not timely filed. Summary judgment will be entered in favor of the government and against plaintiffs.[4]

---

4. This result does not signal a retreat from or disagreement with United States v. Bledsoe, supra, or Rodriguez v. United States, 382 F.Supp. 1 (D.P.R.1974). If the two-year period had expired on a Thursday and plaintiffs had filed Friday, the claim would be dismissed as time-barred. If the recruiting office where plaintiffs filed their claim had been closed Saturday, their claim would not be barred simply because of the unfortuitous circumstance that April 21 fell on a Saturday. But office operation April 21 made Saturday the functional equivalent of any other workday. Therefore, filing the complaint the next workday, Monday, April 23, 1979, failed to meet the statutory requirement.