Henry N. PANGRAZZI

v.

UNITED STATES of America.

Civ. A. No. 80–3185.

United States District Court,
E. D. Pennsylvania.

April 13, 1981.

Jerome H. Ellis, Philadelphia, Pa., for plaintiff.

Edward F. Borden, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Statutes of limitation in federal laws reflect a Congressional judgment that a person entitled to legal redress must press his or her claim promptly so that the ultimate determination of the veracity thereof will not be impaired or defeated by loss of documents and the death or disappearance of witnesses, whose memories may pale or fade. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944). If an injured party fails to assert his claim in a timely manner, his cause of action, irrespective of merit, will be forfeited forever. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). In the Federal Torts Claim Act, 28 U.S.C. § 2671 *et seq.*, Congress conditionally waived the sovereign immunity of the United States but concluded that claims not presented to the appropriate federal agency within two years after the claim accrued or within six months after denial thereof by the agency would be barred. 28 U.S.C. § 2401(b).

In the case at bar plaintiff enlisted in January 1959 with the United States Army, which discharged him in March 1962. Plaintiff sustained back injuries in a 1961 automobile accident which occurred during the course of his military service and caused a condition involving a seizure disorder, which plaintiff alleges resulted in his involvement in an automobile accident in January 1964 and consequent paraplegia. Plaintiff further alleges that between the time of plaintiff's discharge and the 1964 accident, defendant knew or should have known of plaintiff's true condition and improperly treated him by failing to question plaintiff's symptomatology, to keep his cur-

rent address on file, to locate him, to respond to plaintiff's requests for evaluations and examinations, to review his Veterans Administration claims, to warn him of the dangers associated with his disorder and to obtain, review, compile and update his files and records. On September 26, 1979, plaintiff filed his claim with the Veterans Administration, which denied it in April 1980. The Government, now moving for summary judgment, contends that plaintiff's claim accrued more than two years prior to the time that he presented it to the Veterans Administration. Plaintiff responds that he did not become aware of his seizure disorder or defendant's negligence until less than two years prior to filing his administrative claim.

█ Plaintiff applied for a veterans pension in March 1965 and alleged entitlement to this benefit by virtue of the injuries which he suffered in the 1964 automobile accident. To support the application, plaintiff submitted an affidavit stating that "this passing out was caused by the back injury I received in the automobile accident of March of 1961". This document, dated November 4, 1965, suggests that defendant believed that his injuries from the 1961 automobile accident had caused the 1964 accident. In other words, he believed as early as 1965 that negligence of government employees had caused his injuries. Later, appealing the denial of his application for disability benefits, plaintiff also indicated that two physicians who treated him told him that the "blacking out" resulted from his in-service injury. Finally, in another appeal plaintiff wrote to the Veterans Administration in July 1966 that he had experienced

> problems with my back ... ever since the accident in March of 1961 .... My trouble started with my back since the accident in 1961 and continued, causing me to have an accident in Jan. '64. I had continuous problems through that time. *I believe the back injury in '61 was the cause of me blacking out in Jan. '64.*

Clearly, by this time plaintiff knew of his injury and its *probable* cause.

Arguing that his claim did not accrue within the meaning of the Act until he became aware of not only the *true* cause of his injury but also the possibility of negligence and defendant's responsibility therefor, plaintiff characterizes the "true" cause of his injury as the Government doctors' misdiagnosis of his medical condition. If they had correctly ascertained the nature of his medical problem, plaintiff reasons, he would not have driven an automobile and, therefore, would not have been involved in the 1964 accident. Since plaintiff did not discover that he had a cause of action for negligence until 1978, he concludes that he satisfied the Act's two-year requirement by filing in 1979. Plaintiff's analysis resembles the one used by the Court of Appeals in *United States v. Kubrick*, 581 F.2d 1092 (3d Cir. 1978), which held that a plaintiff could sue at any time within two years from the time he or she understood that he or she had been wronged. Reversing, the Supreme Court held that a plaintiff's awareness of his injury and its *probable*, not actual, cause, triggered running of the two-year period. Unawareness of the plaintiff that his injury may have been negligently inflicted did not toll the limitations period. 444 U.S. at 117, 100 S.Ct. at 357.

█ In the case at bar, plaintiff undoubtedly knew of his injury and its service-related origin by 1966. True, doctors did not diagnose the true cause of plaintiff's medical condition until 1978, but more than a decade earlier plaintiff did know the critical facts—his injury and its service-related origin. Plaintiff should have protected himself by seeking advice in the legal and medical communities. If plaintiff had been or was advised incompetently, he still needed to determine

> *within the period of limitations whether to sue or not,* which is precisely the judgment that other tort claimants must make. If he fails to bring suit because he is incompetently or mistakenly told that he does not have a case, we discern no sound reason for visiting the consequences of such error on the defendant by delaying the accrual of the claim until

plaintiff is otherwise informed or himself determines to bring suit, even though more than two years have passed from the plaintiff's discovery of the relevant facts about injury.

*United States v. Kubrick*, 444 U.S. at 118, 100 S.Ct. 352, 62 L.Ed.2d 259 (emphasis added). Plaintiff's failure to file before the appropriate federal agency within two years after his claim accrued bars prosecution now, for the limited waiver of sovereign immunity created by the Federal Tort Claims Act contemplated suit only upon the prescribed terms and conditions, *Honda v. Clark*, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967), *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971), including strict observance of the limitations period, *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), which cannot be extended by equitable considerations. *Frey v. Woodard*, 481 F.Supp. 1152 (E.D.Pa.1979). The time within which litigation must be commenced against the Government under this federal statute strictly conditions the provided remedy, *Gallion v. United States*, 389 F.2d 522 (5th Cir. 1968), and *United States v. Croft Mullins Electric Co.*, 333 F.2d 772 (5th Cir. 1964), *cert. denied*, 379 U.S. 968, 85 S.Ct. 664, 13 L.Ed.2d 561 (1965), and therefore assumes a substantive, not merely procedural, status. *Woodard v. Frey, supra, Lomax v. United States*, 155 F.Supp. 354 (E.D.Pa.1957). Accordingly, defendant's motion for summary judgment will be granted.