Hattie L. COOPER, Administratrix of the Estate of Herman Cooper

v.

PERKIOMEN AIRWAYS, LTD. and Federal Aviation Administration.

Civ. A. No. 81–2524.

United States District Court, E. D. Pennsylvania.

Nov. 23, 1981.

Ronald A. White, Philadelphia, Pa., for plaintiff.

James Piper, U. S. Dept. of Justice, Torts Division, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

██ The "conditional waiver"[1] of the government's sovereign immunity provided by the Federal Tort Claims Act[2] (FTCA) permits suit against the United States upon those terms and pursuant to those conditions which are provided for by the statute.[3] This limited waiver of sovereign immunity must be strictly construed[4] since the terms of the consent to suit define the boundaries of the Court's jurisdiction.[5] Moreover, courts considering the scope of a waiver of sovereign immunity must be cautious to neither expand nor constrict Congressional intent.[6] Conditions imposed by the FTCA as a prerequisite to suit include the requirement that would-be plaintiffs file, within the specified time limit[7], and with the appropriate federal agency, an administrative

1. *Pangrazzi v. United States*, 511 F.Supp. 648, 649 (E.D.Pa.1981).

2. 28 U.S.C. § 2671 *et seq.*

3. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

4. *Frey v. Woodard*, 481 F.Supp. 1152, 1153 (E.D.Pa.1979).

5. *United States v. Sherwood*, 312 U.S. at 586–87, 61 S.Ct. at 769–770.

6. *United States v. Kubick*, 444 U.S. 111, 118, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).

7. 28 U.S.C. § 2401(b).

claim[8] stating the amount of money to which the aggrieved party believes they are entitled.[9] Failure to do so raises a jurisdictional defect;[10] it cannot be waived and bars the suit.[11]

 In the case at bar, plaintiff instituted suit against, *inter alia*, the Federal Aviation Administration (FAA) alleging that its negligence was the proximate·cause of a July 25, 1980, plane crash at the Philadelphia International Airport, in which plaintiff's decedent was killed.[12] Shortly after the accident, plaintiff instituted suit against the owners and operators of the ill-fated aircraft, defendant Perkiomen Airways, Ltd. *Subsequently*, plaintiff learned that a National Transportation Safety Board investigation indicated that the FAA may also be liable. Hence, plaintiff added the FAA as a defendant; it did not first file an appropriate administrative claim.

As we have observed, a district court may not assert jurisdiction over such an action where an administrative claim has not been filed. There having been no such claim filed here, we will dismiss *without* prejudice, plaintiff's complaint against the United States.

---

8.  28 U.S.C. § 2675(a).

9.  28 U.S.C. § 2675(b). *See generally, Frey v. Woodard*, 481 F.Supp. at 1154, n.3.

10. *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976), *cert. denied*, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1977); *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971).

11. *House v. Mine Safety Appliances Co.*, 573 F.2d 609, 614 (9th Cir. 1978), *cert. denied*, 439

U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1979); *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1979); *Kielwein v. United States*, 540 F.2d 676, 679 (4th Cir.), *cert. denied*, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976).

12. *See Himmler v. United States*, 474 F.Supp. 914 (E.D.Pa.1979) for a discussion regarding the liability of the United States for acts and omissions of air traffic controllers.