**Bernice H. JOHNSON and James Johnson, Jr., Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 25681.**

United States Court of Appeals Fifth Circuit.

Nov. 5, 1968.

---

1. Petitioner resides in a different federal district. See 28 U.S.C. § 2241.

Joe N. Unger, Wolfson, Diamond & Silverstein, Miami Beach, Fla., for appellants.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., Alan S. Rosenthal, J. F. Bishop, Attys., Dept. of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., William A. Meadows, Jr., U. S. Atty., for appellee.

Before WISDOM, GODBOLD, and SIMPSON, Circuit Judges.

PER CURIAM:

January 17, 1967, Bernice H. Johnson and James Johnson, Jr., appellants here, sued in Florida state court to recover damages for an automobile accident that had occurred on September 26, 1963. The defendant was an employee of the United States Department of Commerce Weather Bureau. Under 28 U.S.C. § 2679, the action was removed to the United States District Court and the United States was substituted as defendant. On motion of the United States, based upon the fact that the action had been commenced after the expiration of the two-year limitation imposed by 28 U.S.C. § 2401, the district court dismissed the action.[1]

The Johnsons, with leave of the court, then filed an amended complaint alleging that on October 9, 1963 their attorneys had sent a letter to the General Services Administration making demand for damages and asking that this matter be referred to the "appropriate agency".[2]

---

1. 28 U.S.C.A. § 2401(b) provides:

> A tort claim against the United States shall forever be barred unless action is begun within two years after such a claim accrues * * * unless, if it is a claim not exceeding $2,500, it is presented in writing to the appropriate Federal agency within two years after such claim accrues. * * * If a claim not exceeding $2,500 has been presented in writing to the appropriate Federal agency within that period of time, suit thereon shall not be barred until the expiration of a period of six months after either the date of withdrawal of such claim from the agency or the date of mailing notice by the agency of final disposition of the claim.

2.

> "October 9, 1963
> General Services Administration
> 1201 N.W. 11th Street
> Miami, Florida
> Gentlemen:
> Please be advised that we represent James Johnson, Jr., and Bernice H. Johnson in their respective claims for personal injuries arising out of a motor vehicle accident occasioned by the negligence of your employee, Clarence La Rue, while in the course and scope of his employment with General Services Administration, and while operating a motor vehicle owned by General Services Administration, a Department of the United States Government.
> This accident occurred on the 26th day of September, 1963, at approximately 4:34 p. m., on N.W. 42nd Avenue near N.W. 36th Street, in the City of Miami Springs, County of Dade, Florida.
> Please refer this matter to the appropriate division for handling, and you may feel free to call upon us for subsequent information as may be required.
> Very truly yours,
> WOLFSON & DIAMOND
> By ——————————————
> Richard S. Wolfson"

The United States moved for summary judgment, pointing out that the letter was not a valid administrative "claim not exceeding $2500" under 28 U.S.C. § 2401 (b). The district court found that there was no genuine issue as to any material fact, that no "sufficient" claim was presented "to the appropriate Agency", and that the action was not commenced within the time permitted by 28 U.S.C. § 2401. The court granted the motion for summary judgment in favor of the United States.

We agree with the district court that there was no genuine issue of *material* fact. Four affidavits from various administrative claims officers of the General Services Administration and the Weather Bureau assert that after a search of the records a copy of the letter could not be found. The district court, however, did not need to resolve the dispute whether the letter was presented to General Services Administration. As a matter of law the letter was insufficient to state a claim substantially fulfilling the requirements of § 2401. (1) An administrative claim must ("shall") be filed on Government Standard Form 95, prescribed by 15 CFR 2.4(c). (2) It must state the amount of the claim. (3) The amount must not exceed $2500, to extend the statutory time and to be within the settlement authority of the agency under 28 U.S.C. § 2672. In the amended complaint the Johnsons claimed $3500 each. (4) Administrative claims must include a statement of the employee, statements of any witnesses, medical and hospital bills, a detailed report by the claimant's physician, and the claimant's agreement that the stated amount will be accepted "in full satisfaction and final settlement of the claim". (5) The administrative claim is required to be made "to the appropriate federal agency". In this case the appropriate federal agency was the Department of Commerce, or at least, the Department's Weather Bureau; it was not the General Services Administration.

The plaintiffs-appellants failed to meet the requirements of 28 U.S.C. § 2401(b)

to toll the two-year limitation period for tort claims against the United States. *See* Tobin v. Tomlinson, 5 Cir. 1962, 310 F.2d 648; Grant v. United States, E.D. N.Y.1958, 162 F.Supp. 689, 695, *aff'd as to this issue*, 2 Cir. 1959, 271 F.2d 651.

The judgment is affirmed.