Richard E. **MULDEZ**, a minor, by and through his father and natural guardian, Philip Muldez, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 596–70–N.

United States District Court, E. D. Virginia, Norfolk Division.

May 17, 1971.

Sacks, Sacks & Tavss, Filmore E. Rose, Norfolk, Va., for plaintiff.

James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., for defendant.

MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

This action, filed under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), on August 25, 1970, alleges injuries sustained by the infant plaintiff, Richard Muldez, arising out of the negligence of the defendant when the plaintiff and his friend found shells, on October 14, 1967, among the sand dunes and dugouts near the beach at the Naval Amphibious Base, Little Creek, Virginia. One week later, on October 21, 1967, the infant plaintiff was attempting to cut one of the shells when it exploded, injuring the plaintiff and destroying the use of his right eye. We may assume that the right of action accrued on the latter date.

The defendant filed a motion to dismiss which has been converted into a motion for summary judgment. The motion touches the jurisdiction of the court in that no administrative claim in writing for money damages *in a sum certain* was filed with the Department of Navy, the latter being the appropriate agency with whom such a claim should have been filed.

The administrative claim in writing for a sum certain was finally filed on November 25, 1969. By that time the two-year period for filing claims had expired. The minority of the plaintiff affords no protection to plaintiff under the Federal Tort Claims Act.

Concededly the Department of Navy knew of the accident and resulting injury, as well as the intention to file an administrative claim, long prior to the expiration of the two-year period. As early as August 28, 1968, the Claims Attorney for the Navy wrote to the plaintiff's attorney forwarding the complete medical record from the Portsmouth Naval Hospital, and requesting a statement of facts as to how the boy came

into possession of the shell. In the sequence of events, the attorney did not reply until February 1, 1969, at which time he said in part: "It is my understanding that there may be a requirement that we proceed administratively before we proceed with litigation." While the record does not reflect a written reply, and we do not know whether the Claims Attorney may have telephoned the attorney, it is apparent that the factual statement requested by the letter of August 28, 1968 was not sent to the Claims Attorney until an associate attorney wrote a letter on June 19, 1969, forwarding the boy's statement of what happened. This letter further said:

> "We would wish to expedite this matter and appreciate your forwarding to me the proper forms so that a claim may be filed now. Then the suit may be brought, if necessary."

The Claims Attorney immediately replied by letter dated June 20, 1969, forwarding four copies of Standard Form 95 "for use in filing a claim."

Nothing further was done until another associate, by letter dated November 6, 1969, requested additional copies of Standard Form 95. These were furnished by the Claims Attorney's letter of November 13, 1969.

Thereafter, as previously noted, the written claim dated November 25, 1969, was received by the Claims Attorney in late November. We will assume, for the purposes of this case, that the claim was filed on November 25, 1969.

Since the claim arose after January 17, 1967, the required filing of a written claim is governed by the amendment to 28 U.S.C. § 2401(b) and 32 C.F.R. § 750.7. This provides that claims must be presented in writing within two years after the cause of action arises. Under 32 C.F.R. § 750.16h, the claim must be presented on Standard Form 95, or by written notification, together with a claim for money damages in a sum certain. Even if, by any stretch of the imagination, we could conclude that the prior correspondence constituted a "written notification," there was no claim for money damages *in a sum certain* until Standard Form 95 was filed on November 25, 1969. Johnson v. United States, 404 F.2d 22 (5 Cir. 1968).

It was this Court's decision in Cole v. United States, 170 F.Supp. 90 (E.D.Va. 1959), which partially prompted the amendment to 28 U.S.C. § 2401(b) and the promulgation of 32 C.F.R. § 750.16h (a).

Plaintiff argues that the Navy never called attention to the fact that the "written notification" of an incident must contain a claim for money damages "in a sum certain." Aside from the fact that there was no duty to do so, Standard Form 95 was sent to plaintiff's attorney in ample time to have permitted a timely claim to be filed as the Claims Attorney's letter of June 20, 1969 so indicates.

The promulgation of 32 C.F.R. § 750.16h has the full force and effect of law. The mere fact that the Code of Federal Regulations was not readily available to plaintiff is no excuse. It is available in Norfolk. We think that plaintiff's argument to the effect that the Navy is estopped from raising the point is to no avail. We cannot agree that the Claims Attorney had any "duty to speak" other than to provide the form as requested, all of which he did very promptly.

Infancy does not postpone or toll the statute of limitations. Simon v. United States, 244 F.2d 703 (5 Cir. 1957); United States v. Glenn, 231 F.2d 884 (9 Cir. 1956), cert. den. 352 U.S. 926, 77 S.Ct. 223, 1 L.Ed.2d 161; Pittman v. United States, 341 F.2d 739 (9 Cir. 1965).

Reluctantly, we must grant the defendant's motion for summary judgment and dismiss the action for lack of jurisdiction. While a controversy has arisen as to whether the Navy or its Claims Attorney ever received the letter dated February 1, 1969 from plaintiff's attorney, we do not think that this is material, and

we assume that the letter was sent and received, along with the Claims Attorney's letter of August 28, 1968. These two letters are incorporated into the record.

Present order.