Robert Delman **HEJL**, Plaintiff-Appellant,

v.

**UNITED STATES** of America et al., Defendants-Appellees.

No. 71–2111

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1971.

Rehearing Denied Nov. 2, 1971.

* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Philip C. Friday, Jr., Clayton, Friday, Friedman & Burroughs, Austin, Tex., for plaintiff-appellant.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Malcolm L. Quick, Asst. Atty. Gen., Austin Tex., Hugh P. Shovlin, Asst. U. S. Atty. San Antonio, Tex., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

Appellant brought this action against the United States for damages sustained as a result of the alleged negligence of the Texas State Department of Health. The district court granted the government's motion to dismiss for failure to exhaust administrative remedies as required by 28 U.S.C.A. § 2675(a), and we affirm.

The primary question presented on this appeal is one of first impression and involves the issue of whether "appropriate federal agency" as used in 28 U.S.C.A. § 2675(a), requiring notice of claims to be filed with an appropriate federal agency as a prerequisite to a claim under the Federal Tort Claims Act, should be construed to include a state agency that administers the federal program that gave rise to the claim.[1]

---

1. 28 U.S.C.A. § 2675(a) provides:
    "(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months

On the necessity of dismissal where the claim has not been filed in accordance with the statute, see Peterson v. United States, 8 Cir. 1970, 428 F.2d 368; Johnson v. United States, 5 Cir. 1968, 404 F.2d 22.

In 1967, the Texas State Department of Health sprayed appellant's business premises with a DDT compound as a part of the state *Aedes Aegypti* (mosquito) eradiction program. The state program was funded by the federal government and operated pursuant to a contract with the United States Public Health Service. The program was subject to federal regulation, and all equipment was furnished by the United States. The contract, however, called for the state, as an independent organization and not as an agent of the federal government, to furnish all personnel.

The appellant alleged that the spray damaged his property and caused serious bodily injury to his person. He corresponded with officials of the State Department of Health, complaining of the abuse to his property and the illness he sustained as a result of his contact with the chemicals used. However, no claim was filed with any federal agency in conformity with the provisions of 28 C.F.R. § 14.2, which sets out the procedure required for filing claims under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq.

Appellant characterizes his correspondence with the state officials as a claim and contends that this court should construe the administrative filing requirement of 28 U.S.C.A. § 2675(a) to include a claim filed with a state agency administering a federal program as a claim filed with an "appropriate federal agency". This contention is untenable. The statute, 28 U.S.C.A. § 2671, expressly defines "Federal agency" as used in § 2675(a), and that definition does not include state agencies or instrumentalities.[2]

▮ Furthermore, the exhaustion of administrative remedies requirement permits the orderly consideration, processing, and settlement of claims without turning to the courts except as a final resort. To hold that each state agency receiving financial aid from the federal government or otherwise participating in some cooperative arrangement is an apparent agent of the federal government authorized to accept notice of claims against the United States under 28 U.S.C.A. § 2675(a) would disrupt the claims settlement procedure of the federal agencies and defeat the purposes the statute was intended to accomplish. This conclusion is amply supported by legislative history. See Senate Report No. 1327, 89th Cong., 2d Sess., U.S. Code Cong. and Admin.News, p. 2515 (1966).

▮ Since we hold that the Texas State Department of Health was not the agent of the federal government for the purposes of filing administrative claims under 28 U.S.C.A. § 2675(a), it is unnecessary to consider appellant's argument that depends upon a contrary ruling.

Affirmed.

---

after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. * * * "

2. 28 U.S.C.A. § 2671 provides:
"'Federal agency' includes the executive departments and independent establishment of the United States, and the corporations primarily acting as, instrumentalities or agencies of the United States but does not include any contractor with the United States."