### John T. MAYO

v.

### The UNITED STATES of America and unknown Defendants.

Civ. A. No. 75–0453–R.

United States District Court, E. D. Virginia, Richmond Division.

Jan. 22, 1976.

See also D.C., 407 F.Supp. 1350.

Stephen A. Isaacs, Richmond, Va., for plaintiff.

R. W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

This is a claim under the Federal Tort Claims Act as to which the defendant United States has filed a "Motion for Summary Judgment" which the Court shall treat as a motion to dismiss for lack of jurisdiction.

Plaintiff was a federal prisoner who received personal injuries when he slipped and fell in a jail shower. The injury occurred on 16 September 1973 and by 4 October 1973 he had retained counsel who wrote to "The United States Department of Justice, Marshal's Office, Washington, D.C. 20001" and complained that his client was "not getting the proper medical treatment." Counsel also expressed concern that his client was being incarcerated "in the Hanover County Jail instead of the Federal Reformatory." Having recited the facts of the accident and having expressed his concerns, counsel concluded his letter with the following sentence: "I would greatly appreciate your looking into this situation immediately and advising me of the Government's position."

Plaintiff admits that this letter does not meet the requirements of an administrative claim required by 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2. Plaintiff states, however, that an exception should be made in his case since at the time of the incident complained of he was a federal prisoner and did not have available to him either the Standard Form 95 upon which to submit his claim, nor the Code of Federal Regulations interpreting and implementing the provisions of the Federal Tort Claims Act. Plaintiff cites *Muldez v. United States*, 326 F.Supp. 692 (E.D.Va.1971). In disposing of the similar argument in *Muldez*, Judge Hoffman pointed out that:

The mere fact that the Code of Federal Regulations was not readily availa-

ble to plaintiff is no excuse. It is available in Norfolk.

We do not read Judge Hoffman's opinion as holding that were it shown that the Code of Federal Regulations were not available in Norfolk, plaintiff would have prevailed in *Muldez*. Regardless of what was meant by the quoted sentences from the *Muldez* opinion, the question before this Court is its jurisdiction and surely jurisdiction cannot be dependent upon the availability or lack of availability to a prospective litigant of the Code of Federal Regulations.[1]

 The assertion of an appropriate administrative claim is jurisdictional and in its absence a complaint under the Federal Tort Claims Act must be dismissed. *Bernard v. U. S. Lines, Inc.*, 475 F.2d 1134 (4th Cir. 1973). A claim asserted without including a sum certain is not a "claim" under the Act. *Muldez v. United States*, 326 F.Supp. 692 (E.D.Va. 1971). No principle of waiver or estoppel can operate against the government with respect to this jurisdictional prerequisite. Annot. 13 A.L.R.Fed. 762, § 9 (1972).

The Court has been able to find no authority whatever for granting an exception. Accordingly, the complaint must be dismissed and it is so ordered.

---

1. Whether or not plaintiff had a set of the Regulations in the jail house, he had the services of a lawyer within a couple of weeks of his injury.