**Edgar L. KNIGHT, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 77–1014.**

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 22, 1977.

John R. Harper, II, Columbia, S. C., for plaintiff.

Glen Craig, Asst. U. S. Atty., Columbia, S. C., and Thomas E. Lydon, U. S. Atty. D. S. C, Columbia, S. C., for defendant.

**'ORDER ON DEFENDANT'S
MOTION TO DISMISS**

HEMPHILL, District Judge.

Defendant's Motion to Dismiss, filed June 29, 1977, invites ·a decision by this court. This is a case . in which the plaintiff, by Complaint filed May 30, 1977, presumably under 28 U.S.C. § 1346(b) claims he is disabled by Diabetes Mellitus which he claims he had when he was inducted into the Army in 1952, claims that the physical examination given him at the time was characterized by negligence in that defendant, through its various doctors, failed to administer the tests which would have shown the presence of the disease, and that the negligence of such doctors resulted in his failing to get the proper medical treatment for his affliction, which was aggravated by his service in the line of duty; he claims damages from the negligence and demands actual damages in the amount of $150,000.00 for medical expenses, other damages, costs and attorneys' fees. On August 26, 1977, plaintiff's counsel filed a request to produce certain doctors' reports, etc., and on the same day filed certain interrogatories. Apparently, immediately, defendant moved for a protective order, and by order of October 10, 1977, this court extended defendant's time to respond to plaintiff's Request to Produce and to serve answers or objections to plaintiff's Interrogatories until thirty (30) days after the court's decision on the pending motion.

The file of the Clerk shows as follows:

"Defendant in this case filed Motion to Dismiss on June 29, 1977. Plaintiff was given the usual 15 days to respond to the motion, but to date has not submitted a brief or memorandum of authorities although I have made repeated·calls to him and have written to him about the motion several times. I wrote him last on November 1, 1977 advising that the case file

would be submitted to Judge Hemphill for consideration of the motion on Monday, November 7th with or without his response to it. Mr. Harper telephoned the Clerk's Office at 5:30 P.M. on November 7th, stating his Memorandum was not completed; that he was going to file Motion for Voluntary Dismissal. I again extended time to him until November 11th. Mr. Harper called again on the 11th, stating he would at least give me a letter re the filing of motion for voluntary dismissal. A letter nor a motion have not been received from him to date."

This memo to the file is a part of the official record in this case and is dated November 21, 1977, and the case was forwarded to this court on the same day.

In support of the Motion to Dismiss defendant filed a copy of the letter to Mr. Edgar L. Knight, Route 5, Box 62, Lancaster, South Carolina, 29720, dated May 6, 1977, which read as follows:

The President has asked me to reply to your letter of February 27, 1977.

Our prior decisions which disallowed service connection for your diabetes and epilepsy conditions were made after a thorough review of all of your medical records. The only way in which you may reopen your claim for these conditions at this time is to submit new medical evidence which shows that the conditions were either incurred in or aggravated during your period of active duty.

We are currently determining your eligibility for the special monthly pension benefits for being housebound or in need of the aid and attendance of another person. We will expedite our processing of this claim and will inform you shortly as to your eligibility for the special monthly pension benefits. In making this eligibility determination, every possible consideration will be given to granting you these benefits.

We do regret that a more favorable reply could not be made, but no further action on your claim for compensation benefits may be made unless you do furnish us with the necessary new medical evidence.

Sincerely yours,

R. STEDMAN SLOAN, JR.
Director

Plaintiff alleges that this is a tort claim action and also alleges (paragraph 10 of the Complaint) that he presented his claim to the Veterans Administration for services, but the letter and affidavit of Mr. Sloan (stating he had written the letter) show that the claim with the Veterans Administration was for service connected compensation benefits. Such decision is not subject to judicial review. In *Wickline v. Brooks*, 446 F.2d 1391 (4th Cir. 1971) the court ruled:

PER CURIAM:

Lee Odith Wickline appeals from the dismissal of a complaint in which he seeks review of the Veterans Administration's denial of his claim for disability compensation. The federal courts, however, have no jurisdiction to review this decision of the Veterans Administration. 38 U.S.C. § 211(a), as amended, Pub.L. 91–376 (1970).

Under the provisions of 28 U.S.C. § 2675(a), Congress has provided:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules

of Civil Procedure by third party complaint, crossclaim, or counterclaim.

In *Kielwien v. United States*, 540 F.2d 676 (4th Cir. 1976) the Fourth Circuit stated as follows:

> The right to sue the Government exists wholly by consent as expressed in § 2675, 28 U.S.C., which fixes the terms and conditions on which suit may be instituted. *The first requirement is the filing of a claim.* That requirement is jurisdictional and is not waivable. *Provancial v. United States* (8th Cir. 1972) 454 F.2d 72, 74; *Driggers v. United States* (D.S.C.1970) 309 F.Supp. 1377, 1379–80; *Hlavac v. United States* (D.Ill.1972) 356 F.Supp. 1274, 1276; *Robinson v. United States Navy* (E.D.Pa.1972) 342 F.Supp. 381, 382–3; *Goodman v. United States* (M.D.Fla. 1971) 324 F.Supp. 167, 170, aff'd 5 Cir., 455 F.2d 607. The statute further provides that no action shall be instituted "for any sum in excess of the amount of the claim presented to the federal agency." The statute, however, includes an escape clause with reference to this *ad damnum* limitation. It adds that a plaintiff may sue for a sum greater than that stated in his or her claim if "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." The burden of establishing such "newly discovered evidence" or "intervening fact," it has been held, rests on the claimant-plaintiff. (pp. 679, 680) (emphasis added).

In *Bernard v. U. S. Lines*, 475 F.2d 1134 (4th Cir. 1973) the Fourth Circuit stated as follows:

> Bernard also seeks to assert a claim against the United States under the Federal Tort Claims Act. While Bernard filed his suit within two years of the accident, his failure to file an administrative claim within the statutory period bars his action. 28 U.S.C. §§ 2401(b), 2675(a). (p. 1136)

In *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974) the Ninth Circuit stated as follows:

> *Avril v. United States* (9 Cir. 1972) 461 F.2d 1090 controls this case. There the action was dismissed because the claimant failed to file its agency claim in a sum certain; the agency claim was held a nullity; there was thus no jurisdiction in the federal court, for the claimant had technically failed to "have first presented the claim to the appropriate Federal agency" as required by § 2675(a).

. . . . .

> We conclude (28) C.F.R. § 14.2(a) requiring "a sum certain" to be stated in the claim was a valid regulation under the power granted the Attorney General in 28 U.S.C. § 2672. The plaintiff failed to comply with this regulation, for the claim presented to the agency was not in a sum certain. The agency claim was therefore no claim at all. The plaintiff thus failed to meet the jurisdictional requirement in § 2675(a) that the federal courts may not entertain a claim which has not first been presented to the appropriate agency. (pp. 637, 638).

█ It appears that this action has been instituted upon alleged claim against the defendant for money damages which has not been presented to the appropriate federal agency as required by 28 U.S.C. § 2675, and therefore, this court lacks jurisdiction of the subject matter.

28 U.S.C. § 2401(b) provides:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

See *Joseph v. United States*, 505 F.2d 525 (7th Cir. 1974) wherein the court ruled that plaintiff claimed aggravation of a pre-existing condition because of military service,

the original injury, not being connected with the military service is barred by the *Feres* doctrine [1] as a matter of law. However, if his injury could be proven to be aggravated by his military service, then the Veterans Administration might reconsider. This, of course, turns on factual proof, not on mere allegation.

It not only appears that this case has not been pushed by the plaintiff, but that the plaintiff has no cause of action.

The Motion to Dismiss is granted and the action is dismissed with costs against the plaintiff.

AND IT IS SO ORDERED.

---

1. *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) is authority for the fact:

"[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." (p. 526).