Richard S. ARVAI and Ellen M. Arvai, Plaintiffs,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.

Civ. A. No. 82–346–3.

United States District Court, D. South Carolina, Greenville Division.

April 26, 1982.

Roger L. Couch, Henderson, Lister, Couch, Brandt & Ackermann, Spartanburg, S. C., for plaintiffs.

Mason A. Goldsmith, Love, Thornton, Arnold & Thomason, Greenville, S. C., for defendant.

## ORDER

GEORGE ROSS ANDERSON, Jr., District Judge.

This matter is before the Court on a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6). The Defendant contends that Plaintiffs have failed to state a cause of action or, alternatively, that this Court lacks subject matter jurisdiction in that no cognizable federal question exists for resolution.

Plaintiffs are homeowners who are asserting a private remedy under the National Flood Insurance Act of 1968, as amended, 42 *U.S.C.* §§ 4001, *et seq.* Their complaint alleges that on or about September 29, 1976, Plaintiffs purchased a home in Wellington Green Subdivision in Greenville County and that first mortgage financing was provided by the Defendant. They further allege that pursuant to the Act and various regulations enacted by the Federal Home Loan Bank Board of Atlanta, the Defendant was under an obligation to notify them within

ten days of the closing as to the necessity and requirement of federal flood hazard insurance. Soon after Plaintiffs took possession, a flood occurred which caused substantial damage to the structure and to items of personal property, none of which was compensable under the standard homeowners insurance which Plaintiffs had purchased.

■ The Defendant does not admit failure to comply with any provision of the Act. That issue is not relevant here. For the purposes of this motion, the complaint is construed in a light most favorable to plaintiffs, and its allegations are taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The sole issue for resolution now is whether a private cause of action is implied or created by the federal statutes and regulations in question.

This legislation was originally passed by Congress in 1968 and was amended in 1973 by the Flood Disaster Protection Act. S.Rep.No. 93–583, 93rd Cong., 1st Sess., reprinted in [1973] U.S.Code Cong. and Ad. News 3217. Within the statutory scheme, Congress set forth the factors that formed the basis for the original legislation:

(a) The Congress finds that (1) from time to time flood disasters have created personal hardships and economic distress which have required unforeseen disaster relief measures and have placed an increasing burden on the Nation's resources; (2) despite the installation of preventive and protective works and the adoption of other public programs designed to reduce losses caused by flood damage, these methods have not been sufficient to protect adequately against growing exposure to future flood losses; (3) as a matter of national policy, a reasonable method of sharing the risk of flood losses is through a program of flood insurance which can complement and encourage preventive and protective measures; and (4) if such a program is initiated and carried out gradually, it can be expanded as knowledge is gained and experience is appraised, thus eventually making flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection. 42 *U.S.C.* § 4001(a).

The 1973 modifications were enacted to effect a strengthening of the original legislation, and included mandating provisions and sanctions in order to require local governing bodies to participate in the flood insurance program. S.Rep.No. 93–583, 93rd Cong., 1st Sess., reprinted in [1973] U.S.Code Cong. and Ad. News 3217, 3220. The 1973 Act also directed federal supervisory agencies to promulgate regulations prohibiting lending institutions from making loans in flood risk areas unless the prospective purchasers acquired flood insurance. 42 *U.S.C.* § 4012a(b).[1] In 1974, Congress directed these same agencies to direct lending institutions to notify their prospective buyers, when the property is within an identified flood risk area. 42 *U.S.C.* § 4104a.[2]

The National Flood Insurance Act of 1968 and the Flood Disaster Protection Act of 1973, which are now combined at 42 *U.S.C.* § 4001, *et seq.*, do not specifically grant borrowers a right to bring a private cause of action for damages suffered due to a lending banks noncompliance with these loan and notice requirements. The issue raised by this motion to dismiss is whether a private right of action is implied by this legislative scheme.

In their briefs, both parties note that this Court is bound by the Supreme Court's standards for determining the existence of a private cause of action as set forth in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). *Cort* requires an analysis of the following factors:

(1) whether the plaintiff is one of a class for whose especial benefit the statute was enacted; (2) whether there is an indication of legislative intent to create or deny such remedy; (3) whether such a remedy would be inconsistent with the

---

1. The Federal Home Loan Board Bank implemented this directive, effective March 1, 1974. *See*: 12 *C.F.R.* § 523.29(a), (b).

2. *See*, 13 *C.F.R.* § 523.29(e).

underlying legislative purpose; and (4) whether the cause of action is one traditionally relegated to state law. 422 U.S. at 78, 95 S.Ct. at 2087.

Of these four, the first three criteria—the language and focus of the statute, its legislative history and its purpose—are the most important and form the traditional basis for discerning legislative intent. *Touche Ross and Co. v. Redington*, 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2488–89, 61 L.Ed.2d 82 (1979).

In *Stern v. Merrill, Lynch, Pierce, Fenner and Smith*, 603 F.2d 1073 (4th Cir. 1979) Judge Russell, in analyzing the four factors of *Cort*, characterized the first factor as a "threshold test" for an implied right of action; satisfaction of which is a necessary prerequisite for obtaining an implied remedy. *See also, Mountainbrook Homeowners Assoc. v. Adams*, 492 F.Supp. 521 (W.D.N.C. 1979).

## A. *Especial Benefit*

■ To determine whether the Plaintiffs are of a class for whose especial benefit the Act was created, the proper focus is upon the "right or duty-creating language of the statute." *Cannon v. University of Chicago*, 441 U.S. 677 at 690, n.13, 99 S.Ct. 1946 at 1954, n.13, 60 L.Ed.2d 560.

There can be no doubt that purchasers of homes located in hazardous flood-prone areas are, at least, indirect beneficiaries of the Act's protection. Congress specifically found that "the nation cannot afford the tragic losses of life caused annually ..., nor the increasing losses of property suffered by flood victims ..." 42 *U.S.C.* § 4002(a)(5). However, home purchasers were not Congress' sole concern in enacting this statutory scheme.[3] Congress placed considerable attention on the fact that

then-existing State and local disaster relief programs were generally inadequate, and that federal expenditures for flood-stricken areas were ever-increasing. H.R.Rep.No. 1585, 90th Cong.2d Sess., reprinted in [1968] U.S.Code Cong. and Ad. News 2873, 2966 and S.Rep.No. 93–583, 93rd Cong., 1st Sess., reprinted in [1973] U.S.Code Cong. and Ad. News 3217–20.

Although 42 U.S.C. § 4104a may indirectly confer a "right" to notification from lending institutions to potential mortgagors, the only duties imposed by the Act are upon federal regulatory agencies. It is clear that this legislation is designed to protect not only borrowers, but also lending institutions as well as their depositors, and the federal treasury from further expenditures in the nature of emergency flood relief. The cash purchaser, or one who finances privately is not protected, even indirectly, by the terms of the Act. The Fifth Circuit, in *Till v. Unifirst Federal Savings and Loan Association*, 653 F.2d 152 (5th Cir. 1981), concluded:

> In short, appellants are not the *especial* beneficiaries of sections 4012a(b) and 4104a in view of the fact that the only duties imposed therein are upon the various federal regulatory agencies and the clear indication of concern not merely for borrowers but also for the federally insured lending institutions. 653 F.2d at 160.

The Supreme Court of South Carolina has reached an identical conclusion in *Pippin v. Burkhalter*, 279 S.E.2d 603 (1981). In reversing the denial of a motion for judgment n. o. v., Justice Harwell reasoned that the Act is designed to protect, primarily, a class of federally supervised and regulated loans and that no "especial benefit" was intended by Congress for the purchaser.

---

3. The Federal Flood Insurance Program grew out of a 1966 HUD study, the conclusion of which became a part of a Senate report on the Federal Flood Disaster Relief Act of 1973. The recommendation of that study states in pertinent part as follows:

To encourage widespread purchase of flood insurance, the Congress should be requested to declare that as a matter of national policy all lending institutions entrusted with savings or deposits and under any form of Federal supervision of insurance of savings or deposits shall require in high risk areas flood insurance ... and that such flood insurance be considered in the interest of the borrowers, the lending institutions, and the savers and depositors ... S.Rep.No. 93–583, 93rd Cong. 1st Sess. reprinted in [1973] U.S.Code Cong. & Ad. News 3217, 3220.

The Fourth Circuit has expressed the view that a plaintiff claiming a private right of action for damages must be a primarily intended beneficiary of the law relied on, and not incidentally or secondarily benefitted thereby. *Stern v. Merrill, Lynch, Pierce, Fenner and Smith, Inc., supra,* at 1073. *See also, Perry v. Housing Authority of City of Charleston,* 486 F.Supp. 498 (D.S.C.1980). By examining the right or duty-creating language of the Flood Act in the context of its legislative history and purpose, it is evident that the Plaintiffs are not the "primarily intended beneficiaries" of its provisions as defined in *Stern, supra.*

### B. Legislative Intent to Create or Deny a Private Remedy

Though *Marbury v. Madison,* 1 Cranch 137, 2 L.Ed. 60 (1803), established that the violation of a "legal right" demands the existence of a legal remedy, noncompliance with a federal statute does not automatically imply a private cause of action for the person harmed. *Cannon v. University of Chicago, supra,* 441 U.S. at 688, 99 S.Ct. at 1952. The Supreme Court has been reluctant to imply causes of action under statutes that create duties on the part of persons for the benefit of the public at large. *Cannon, supra,* at 690, 691, n.13, 99 S.Ct. at 1954, 1955, n.13.

Examination of the Act itself, and of the available legislative history, reveals no specific congressional intent to allow a private cause of action for damages under §§ 4012a(b) and 4104a.

▮ In directing federal supervisory agencies to promulgate regulations to implement flood hazard notice provisions, Congress also empowered these agencies to enforce those regulations. The Federal Home Land Bank Board has broad authority to impose administrative remedies to terminate unsound or illegal practices. *See,* 12 *U.S.C.* § 1464, *et seq.* The failure of Congress to expressly consider a private reme-

dy is not inevitably inconsistent with an intent to make such a remedy available, *Transamerica Mortgage Advisors v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); however, the existence of a broad, comprehensive remedial scheme is some indication of a lack of intent to provide an additional private remedy. *National Railroad Passenger Corp. v. National Association of Railroad Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974). *Till v. Unifirst Federal Savings and Loan Association, supra,* at 161.

Private rights of action are expressly granted in other sections of the flood insurance laws.[4] In *Touche Ross and Co. v. Redington,* 442 U.S. at 572, 99 S.Ct. at 2487. The Supreme Court considered the existence of this factor as significant in refusing to imply a private cause of action where the act in question was silent. Furthermore, "It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be wary of reading others into it." *Transamerica Mortgage Advisors v. Lewis, supra,* 444 U.S. at 19, 100 S.Ct. at 247.

It is the opinion of this Court that the purpose of the Act, its legislative history, its language and structure, and the circumstances surrounding its enactment point to a lack of Congressional intent to create a private cause of action against a lender under § 4012a(b) or § 4104a. Although there is considerable interplay among the four *Cort* factors, the third and fourth factors are independently relevant only if the first two indicate an intent to create a private remedy. *California v. Sierra Club,* 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981). *Touche Ross and Co., supra,* 442 U.S. at 574–76, 99 S.Ct. at 2488–89.

Accordingly, IT IS, THEREFORE, ORDERED that the Defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

---

4. *See,* 42 *U.S.C.* § 4053; Policyholders are granted a federal forum in which to enforce their policies. *See also,* 42 *U.S.C.* § 4104; Par-

ties with standing have right of appeal from administrative review for redesignation of their communities as flood hazard areas.