**Judith A. HARRAH, Plaintiff,**

v.

**Gerald MILLER, et al., Defendants.**

**Civ. A. No. 82–5173.**

United States District Court,
S.D. West Virginia,
Beckley Division.

March 14, 1983.

MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Plaintiff brings this action against the Farmers Home Administration [FmHA] and two of its officials to recover for the uninsured damage to her personal property which occurred during a flash flood. Currently pending before the Court is the individual Defendants' motion to dismiss, filed October 13, 1982, which the Court has deemed appropriate to treat as motions for summary judgment, pursuant to *Rule* 56(b), Federal Rules of Civil Procedure. For the reasons set out below, the Court hereby grants the individual Defendants' aforementioned motions, and after a *sua sponte* examination of its subject matter jurisdiction further ORDERS that the FmHA is hereby dismissed from this action.

### I. *Background*

On or about March 19, 1980, the Plaintiff purchased a house at Crab Orchard, Raleigh County, West Virginia, with the receipts of an FmHA loan. At the time of the loan closing, the Defendant Miller was the District Director of the FmHA for District III of West Virginia, while the Defendant Knicely was the FmHA County Supervisor in Raleigh County. Plaintiff further alleges that the Defendants failed to inform her that the house which she had purchased at Crab Orchard was located in a flood zone and that she was required to secure flood insurance, pursuant to 42 U.S.C. § 4012a(a). On or about August 21, 1980, the Plaintiff's house, furnishings and other items of personal property were extensively damaged as the result of a flash flood.

### II. *Miller's and Knicely's Absolute Immunity Defense*

As executive officers of the federal government, the individual Defendants maintain that they are absolutely immune from liability in this action where the Plaintiff is complaining of their failure to inform her that she was required to obtain flood insurance, pursuant to 42 U.S.C. § 4012a(a).[1] In support of this proposition,

John P. Scherer, File, Payne, Scherer & Brown, Beckley, W.Va., for plaintiff.

Marye L. Wright, Asst. U.S. Atty., Charleston, W.Va., for defendants.

---

1. "[N]o Federal officer or agency shall ap-

prove any financial assistance for acquisition

the Defendants cite *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), wherein the Supreme Court held that the Acting Director of the Office of Rent Stabilization could interpose the defense of absolute immunity in a libel action brought against him by his former subordinates who he had fired and who he had sharply criticized in a press release announcing their firing.

In *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (state officials) the court, in limiting the scope of the executive immunity defense in a Section 1983 action, held that executive officials may only raise a qualified immunity defense where the plaintiffs are seeking to redress alleged deprivations of their *constitutional* rights. *Accord, Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (federal official). Absent allegations of a constitutional magnitude, however, where the plaintiff is only complaining of a common law tort suffered at the hands of an executive officer of the federal government, the absolute immunity defense may still be interposed where the actions complained of fall within the outer perimeter of the official's line of duty. *See, Wallen v. Domm,* 700 F.2d 124 (4th Cir.1982); *Miller v. Delaune,* 602 F.2d 198 (9th Cir. 1979); *Granger v. Marek,* 583 F.2d 781 (6th Cir.1978); *Evans v. Wright,* 582 F.2d 20 (5th Cir.1978); *Economou v. Butz,* 466 F.Supp. 1351 (S.D.N.Y.1979).

Viewing the complaint at bar in a light most favorable to the Plaintiff, taking all of its allegations as true, the Court finds that the Plaintiff, at best, is only complaining of a common law tort. Inasmuch as the Defendants Miller[2] and Knicely[3] were acting within the scope of their official capacities when they processed and approved the Plaintiff's FmHA loan, the Court finds that they are absolutely immune from liability in this action and, accordingly, does hereby grant their motions to dismiss.

### III. *Lack of Subject Matter Jurisdiction Over the FmHA Under the Federal Tort Claims Act*

In enacting the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.,* Congress chose to waive the sovereign immunity of the federal government, so as to provide that, "The United States shall be liable, . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Before an aggrieved party can bring a tort action against the United States or one of its agencies, however, he must first file a claim with the appropriate federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a). Courts have consistently held that, "The assertion of an appropriate administrative claim is jurisdictional and in its absence a complaint under the Federal Tort Claims Act must be dismissed . . . . No principle of waiver or estoppel can operate

or construction purposes for use in any area that has been identified by the Secretary as an area having special flood hazards and in which the sale of flood insurance has been made available under the National Flood Insurance Act of 1968, unless the building or mobile home and any personal property to which such financial assistance relates is, during the anticipated economic or useful life of the project, covered by flood insurance in an amount at least equal to its development or project cost (less estimated land cost) or to the maximum limit of coverage made available with respect to the particular type of property under the National Flood Insurance Act of 1968, whichever is less: Provided, That if the financial assistance provided is in the form of a loan or an insurance or guaranty of loan, the amount of flood insurance required need not exceed the outstand-

ing principal balance of the loan and need not be required beyond the term of the loan." 42 U.S.C. § 4012a(a). *Cf., Arvai v. First Federal Savings and Loan Association,* 698 F.2d 683 (4th Cir.1983) (holding that an implied, private cause of action may not be brought by "uninformed borrowers" under Section 4012a, inasmuch as the statute was not enacted for their especial benefit), *affirming,* 539 F.Supp. 921 (D.S.C.1982). *Accord, R.B.J. Apartments, Inc. v. Gate City Savings and Loan Association,* 315 N.W.2d 284 (N.D.1982); *Pipin v. Burkholder,* 279 S.E.2d 603 (S.C.1981).

**2.** *See* Miller Affidavit attached as Exhibit 1 to his motion to dismiss, filed October 13, 1982.

**3.** *See* Knicely Affidavit attached as Exhibit 1 to his motion to dismiss, filed October 13, 1982.

against the government with respect to this jurisdictional prerequisite." *Mayo v. U.S.,* 407 F.Supp. 1352, 1354 (E.D.Va.1976). *Accord, McWhirter Distributing Co., Inc. v. Texaco, Inc.,* 668 F.2d 511 (ECA 1981); *Bernard v. U.S. Lines, Inc.,* 475 F.2d 1134, 1136 (4th Cir.1973) ("While . . . [the plaintiff] filed his suit within two years of the accident, his failure to file an administrative claim within the statutory period bars his action.") *Cf., Knight v. U.S.,* 442 F.Supp. 1069 (D.S.C.1977).

■ The complaint at bar is utterly devoid of any allegations which would indicate that the Plaintiff filed a timely claim with the FmHA. *See, Gillespie v. Civiletti,* 629 F.2d 637, 640 (9th Cir.1980). Moreover, the Plaintiff has taken no steps to amend her complaint so as to affirmatively allege this Court's jurisdiction, since the Government first raised the issue in Miller's and Knicely's motions to dismiss, filed October 13, 1982. The Plaintiff has only addressed this jurisdictional issue in the memorandum of law which she filed in opposition to the individual Defendants' dispositive motions, wherein she makes the unverified allegation that from August 20, 1981, she mailed repeated "correspondence"[4] to County Supervisor Knicely who failed to respond to her correspondence.[5] Plaintiff argues that her correspondence with Knicely constituted the filing of an administrative claim with the FmHA, 28 C.F.R. § 14.2, 7 C.F.R. 1814, and that the Court has subject matter jurisdiction under the Federal Tort Claims Act, inasmuch as the FmHA did not make a final disposition of her claim within six months of her filing of the same. 28 U.S.C. § 2675(a). Inasmuch as Congress has not seen fit to waive the federal government's sovereign immunity with respect to tort claims arising out of misrepresentation or deceit,[6] the Court need not decide this close jurisdictional issue.

In its seminal case under the misrepresentation exception, 28 U.S.C. § 2680(h), the Supreme Court held that the Government was not liable to the purchaser of a piece of residential property who, in reliance on an inaccurate Federal Housing Administration inspection and appraisal of the same, had been induced to pay a purchase price in excess of its fair market value. In so ruling, the Court reversed the Fourth Circuit which had held that the plaintiff could recover on the basis of the underlying negligence, reasoning that Section 2680(h) was inapplicable where the misrepresentation was merely incidental to the negligent making of the excessive appraisal. *See U.S. v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961) (holding that Section 2680(h) comprehends claims arising out of negligent, as well as willful, misrepresentation), *reversing* 281 F.2d 596 (4th Cir.1960).

In a tort action brought against the United States by a group of cattlemen who held grazing permits on Indian lands, who sought to recover for the economic losses which they sustained as a result of material misstatements and omissions in a letter which they received from the Bureau of Indian Affairs which advised them of the impending use of DDT on their grazing

---

4. "[A] claim is deemed to be presented to a federal agency when it 'receives from a claimant, his duly authorized agents or legal representatives, an executed Standard Form 95 . . . *or other written notification of an incident.*' 28 C.F.R. § 14.2."
*Frey v. Woodard,* 481 F.Supp. 1152, 1153 (E.D. Pa.1979). *Cf., Mayo v. U.S., supra.*
With respect to tort claims for property damage arising out of the acts or omissions of FmHA employees acting within the scope of their employment, 7 C.F.R. § 1814.6(c) requires that a claim be accompanied by:
"(1) Proof of ownership. (2) A detailed statement of the amount claimed with respect to each item of property. (3) An item-

ized receipt of payment for necessary repairs or at least two written estimates of the cost of such repairs. (4) A statement listing date of purchase, purchase price, and salvage value, where repair is not economical. (5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed."

5. *See* 7 C.F.R. § 1814.7(d).

6. "The provisions of this chapter and section 1346(b) of this title . . . shall not apply to . . . (h) Any claim arising out of . . . misrepresentation [or] deceit . . . ." 28 U.S.C. § 2680(h).

lands, but which failed to fully appraise them of the consequences of not removing their cattle from the treatment area, the Ninth Circuit held that:

> "[T]he misrepresentation exception precludes liability where the plaintiff suffers economic loss as a result of a commercial decision which was based on a misrepresentation by government consisting either of false statements or *a failure to provide information which it had a duty to provide.*"

*Green v. U.S.,* 629 F.2d 581, 584 (9th Cir. 1980) (emphasis added). The *Green* analysis of the applicability of the misrepresentation exception properly focuses on the commercial setting within which the complained of loss occurred, rather than on "whether the government is guilty of an affirmative misstatement or merely of an omission. Nor is the existence of a specific duty to warn the decisive factor." *Id.*[7]

In *Kipf v. U.S.,* 501 F.Supp. 110 (D.Mont. 1980), the plaintiffs who had become dissatisfied with the quality of a house which they had purchased with the proceeds of a FmHA loan brought an action against the FmHA and some of its officials, including the Assistant County Supervisor who, prior to the approval of the loan, had inspected the house and had found it to be in "good" condition. In dismissing the plaintiffs' tort claim against the government, the Court focused on the business nature of the transaction, determined that the plaintiffs were attempting to hold the government liable for the tort of negligent misrepresentation, and concluded that they were precluded from doing so by 28 U.S.C. § 2680(h). *Accord, Zimmerman v. Susie,* 534 F.Supp. 626 (W.D.Pa.1982).

The Plaintiff at bar seeks to hold the FmHA liable for the uninsured damage to her personal property, contending that it had an affirmative duty to inform her that she was required to purchase flood insurance when she obtained an FmHA loan to purchase a house, which unbeknown to her was located in a flood zone. Since this unfortunate omission occurred in the commercial setting of obtaining an FmHA loan to finance her house, the Court finds that the Plaintiff is seeking to recover from the FmHA for the damage to her personal property which she sustained as a result of the FmHA's allegedly negligent or intentional misrepresentation. The sovereign immunity of the United States, however, precludes her from doing so. 28 U.S.C. § 2680(h). Accordingly, the Court concludes, *sua sponte,* that it does not have subject matter jurisdiction over the Plaintiff's claim against the FmHA.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.

---

7. *U.S. v. Neustadt, supra,* at 711, n. 26, 81 S.Ct. at 1302 n. 26. *Accord, Allen v. U.S.,* 527 F.Supp. 476, 492 (D.Utah 1981).