896 F.Supp. 639 (1995)
Bobby SANT and Niki Sant
v.
UNITED STATES of America.
Civ. A. No. 94-2234.
United States District Court, W.D. Louisiana, Alexandria Division.
July 27, 1995.
*640 Philip Gardiner Hunter, Fuhrer, Flournoy, Hunter & Morton, Alexandria, LA, for plaintiffs.
John Robert Halliburton, U.S. Attorney's Office, Shreveport, LA, for defendant.

RULING
LITTLE, District Judge.
For the reasons that follow, this court GRANTS the Government's motion to dismiss.

I.
On 16 December 1990, plaintiff Bobby Sant was driving on Clear Creek Road near the intersection of Walker Ferry Road in Grant Parish, Louisiana. When he reached this intersection, he had an automobile accident with Debbie Sands.
On 2 December 1994, Bobby and Niki Sant filed this suit for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., against the United States of America alleging that plaintiff Bobby Sant's automobile accident was caused by the Government's failure to maintain a stop sign that had originally been placed at the intersection but had, inexplicably, been removed. There is no dispute that Clear Creek and Walker Ferry Roads constitute part of the Kitsachie Forest owned by the United States.
The United States has moved to dismiss this action for damages under Fed.R.Civ.P. 12(b)(1), (2), and (6) claiming that the Government owed no duty to regulate the traffic flow. Rather, by contract, Grant Parish, a non-federal agency, has jurisdiction over road numbers 140 and 141, which encompass the relevant roads in this case, and has the responsibility of maintaining them. Plaintiffs oppose this motion stating that the United States, like any private individual, is liable for its negligent acts, that federal employees were negligent in maintaining the traffic signs that caused his auto accident, and that under Louisiana law, the Government cannot delegate its duty to maintain its roads. The Government has replied reiterating that it owes no duty and is not bound by Louisiana law.

II.
The defendant's motion is entitled "Motion To Dismiss." Attached to the motion are exhibits that are not made part of the original pleading. Rule 12(b) of the Federal Rules of Civil Procedure addresses the use of materials outside the pleadings in motions for dismissal for failure to state a claim. This section states that when "on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Because our decision relies on the evidence presented with the motion, we will treat this motion as one for summary judgment.
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the nonmovant, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248, 106 S.Ct. at 2510. In making its determination, the court must draw all justifiable inferences in favor of the nonmoving party. Id. at 255, 106 S.Ct. at 2513.
The purpose of the FTCA is to compensate victims of governmental negligence *641 in circumstances like those in which a private person would be compensated for private person negligence. Indian Towing Co. v. United States, 350 U.S. 61, 68-69, 76 S.Ct. 122, 126-27, 100 L.Ed. 48 (1955); 28 U.S.C. § 2674. The district courts have jurisdiction over "civil actions on claims against the United States for money damages ... or personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. § 1346(b). "As used in ... section 1346(b) ... the term `Employee of the government' includes ... employees of any federal agency." "`Federal agency' [however] ... does not include any contractor with the United States." 28 U.S.C. § 2671. Hence, in accordance with the statutory language implies that the FTCA is applicable in this case.
In this case, the Government contracted any obligation it may have had to maintain the roads in Kitsachie Forest to Grant Parish in the Forest Development Road Cooperative Agreement. Under this agreement, Grant Parish is the contractor or cooperator and by statutory definition is not a federal agency nor an employee of the government. "[T]he statute 28 U.S.C.A. § 2671, expressly defines `federal agency' ... and that definition does not include state agencies or instrumentalities." Hejl v. United States, 449 F.2d 124 (5th Cir.1971).
The plaintiffs argue that under 28 U.S.C. § 1346(b) Louisiana law must be applied, which prohibits the Government from disposing of its duty by contract. Thus the Government, not Grant Parish, remains liable. The FTCA, however, acts only as a limited waiver of sovereign immunity. United States v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976).
Recovery under the FTCA is subject to the limitations inherent in the language of the Tort Claims Act itself, as well as the explicit limitations of 28 U.S.C. §§ 2401-16, 2671-80. Johnson v. United States, 576 F.2d 606, 612 (5th Cir.1978), cert. denied, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). The statutory language is a "uniform federal limitation on the types of acts ... for which the United States has consented to be sued." Id. (citing Laird v. Nelms, 406 U.S. 797, 799, 92 S.Ct. 1899, 1901, 32 L.Ed.2d 499 (1972)). Such statutory limitations are considerations in any federal court judgment. Id.
In the case at hand, this court too must apply the statutory limitations and must dismiss this case. According to the language of the statute, Congress expressly excluded suits against the Government for the liability of a contractor. Moreover, Congress has expressly permitted the Federal Highway Administration (FHWA) to contract with state agencies to provide for the construction and maintenance of forest highways. 23 C.F.R. § 660. As evidenced by Forest Development Road Cooperative Agreement, the Government and Grant Parish have a contractual relationship for the maintenance of the roads within the Kitsachie Forest.
Moreover, in examining the agreement between the federal government and Grant Parish, it is clear that the Government had no duty to maintain Clear Creek and Walker Ferry Roads. According to the Forest Development Road Cooperative Agreement, between Grant Parish and the United States Department of Agriculture Forest Service, particularly Project Agreement No. 12 and 14, which govern Walker Ferry Road, road number 140, the Parish agreed to "all maintenance responsibility for the roads." "Maintenance" as defined by 23 C.F.R. § 460.2 means "the preservation of the entire highway, including ... such traffic control devices as are necessary for its safe and efficient utilization."

III.
Thus, this court finds that on the statutory language, the FTCA does not apply, and as a result, this court has no subject matter jurisdiction over this case. Dismissal must be GRANTED.